UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILNAR ZIGANSHIN,<br>A# 249-138-246,<br><br>                                Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>                                Respondents. | Case No.:  3:25-cv-01096-RBM-SBC<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING REGARDING PETITIONER'S AMENDED PETITION AND PAROLE PROCEEDINGS** |

      On April 28, 2025, Petitioner Ilnar Ziganshin ("Petitioner"), a detainee in the custody of the Department of Homeland Security's ("DHS") Bureau of Immigration and Customs Enforcement ("ICE"), proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and named DHS as the Respondent ("Original Petition"). (Doc. 1.)  On June 9, 2025, Petitioner filed an Emergency Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Temporary Restraining Order ("Amended Petition"), which adds the Imperial Regional Detention Facility's Warden, Jeremy Casey, as a Respondent. (Doc. 4.)  The same day, Petitioner filed a Motion for Leave to Amend Petition for Writ of Habeas Corpus to Add Additional Respondent ("Motion for Leave to Amend"). (Doc. 5.)  The Court granted Petitioner's Motion for

Leave to Amend and accepted Petitioner's Amended Petition as properly filed. (Doc. 6.) On July 9, 2025, Respondents DHS and Jeremy Casey (collectively, "Respondents") filed a Return in Opposition to Petition for Writ of Habeas Corpus ("Opposition"). (Doc. 6.)

In his Original Petition, Petitioner asserts that he is "disputing" "the denial of parole and bail." (Doc. 1 at 2.) Petitioner also identifies two "issues raised" in his grievance directed at DHS: (1) "unlawful prolonged detention without the possibility of release" and (2) "ICE refus[al] to grant [him] a parole without proper justification[,] ignoring the humanitarian circumstances provided by INA 8 C.F.R. § 212(D)(5)18.L." (*Id.*) However, Petitioner also attaches to his Original Petition a "[s]ample email notification of approval for parole in the United States under section 212(d)(5)(A) of the Immigration and Nationality Act ['INA']." (Doc. 1-2 at 1; *see also id.* at 2 (email from DHS notifying the user "youin100@yahoo.com" that he or she had been "paroled into the United States under section 212(d)(5)(A) of the [INA].").) Petitioner explains that "[a]ll users who used the official 'CBP One' app approved by the US government received an email notification that they were granted parole. Despite this, most asylum seekers are in an immigration detention center … ." (*Id.* at 1.) Subsequently, in his Amended Petition, Petitioner asserts that he was "granted humanitarian parole under INA§ 212(d)(5)(A), based on urgent humanitarian reasons" (Doc. 4 at 1) and that he received an email stating that he had been paroled into the United Stated and allowing him to apply for work authorization (*id.* at 2).

"'[W]here an amended habeas petition is filed, it completely replaces the original habeas petition.'" *Panyanouvong v. Peoples*, Case No. 2:25-cv-1128-JDP (P), 2025 WL 1432970, at *1 (E.D. Cal. May 19, 2025) (quoting *Farnsworth v. Boe*, CASE NO. 3:20-cv-05067-BHS-JRC, 2021 WL 11114453, at *1 (W.D. Wash. Mar. 9, 2021)). Nevertheless, in their Opposition, Respondents primarily focus on the claims and arguments set forth in the Original Petition but do not address the attached email. (*See generally* Doc. 9.) Respondents do not specifically respond to the claims and arguments set forth in the Amended Petition. For example, they do not respond to Petitioner's claim in his Amended Petition that he was previously granted humanitarian parole, arguing only

that he is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and that he is not entitled to a parole or bond hearing. (*Id.*)

Based on the foregoing, the Court **ORDERS Petitioner** to file supplemental briefing explaining his contradictory claims regarding his parole status. Specifically, Petitioner must inform the Court in no uncertain terms (1) whether he was previously granted humanitarian parole and (2) who the email address "youin100@yahoo.com" belongs to. The Court also **ORDERS Respondents** to file supplemental briefing addressing any and all claims set forth in Petitioner's Amended Petition, including Petitioner's claim that he was granted humanitarian parole. Respondents must also summarize any and all parole or bond proceedings involving Petitioner and attach any supporting documentation. Any supplemental briefing by Petitioner or Respondents must be filed on or before **August 22, 2025**.

**IT IS SO ORDERED.**

DATE: August 11, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE